IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Michael S.[1], | : | Case No. 1:14-cv-990 |
| Plaintiff, | : : : | |
| | : | Judge Susan J. Dlott |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| Commissioner of Social Security, | : | **Order Granting Motion for Attorney** |
| | : | **Fees** |
| Defendant. | : : | |

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 22.) Counsel seeks attorney fees in the amount of $11,849.00. The Commissioner has not filed a response opposing Plaintiff's request for attorney fees.[2] For the reasons that follow, Plaintiff's Motion will be **GRANTED**.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A); *see also Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

[2] The Court notes that there is a pending separate fee application by Plaintiff in the case of *Michael S. v. Comm'r of Soc. Sec.*, 1:18-cv-404 (S.D. Ohio), which will be ruled on by District Judge Black. In that case, the Commissioner has filed a response stating the Commissioner does not oppose Plaintiff's requested fees.

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Id.* at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, a court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. A court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808; *Rodriquez*, 865 F.2d at 746. Additionally, a court should consider instances of improper conduct or ineffectiveness of counsel, whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended, and the degree of difficulty of the case. *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981–82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless

2

> benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* at 982. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422; *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $11,849.00 that Plaintiff requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted an itemized billing sheet showing that his attorney performed a total of 25.65 hours of work on the case in this Court. (Doc. 22-4). Plaintiff has also submitted a copy of the contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 22-2.)

Dividing the $11,849.00 requested by counsel by the 25.65 hours counsel worked on the case before this Court yields a hypothetical hourly fee of approximately $462.00. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes*, 923 F.2d at 420–21 (quoting *Rodriquez*, 865 F.2d at 746) (emphasis omitted), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that

3

> social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

Plaintiff's counsel's standard hourly rate is $400.00. (Doc. 22-6 at PageID 657). The $462.00 hypothetical hourly rate is less than twice counsel's standard rate for such work in the relevant market. Therefore, the requested fee of $11,849.00 does not constitute a windfall to Plaintiff's counsel. *Hayes*, 923 F.2d at 422. The Court notes that Plaintiff's counsel did not unduly delay the resolution of this matter, and he achieved an excellent result in this case by obtaining a favorable disability determination on remand with back pay benefits in the amount of $207,397.00 to be paid for the period March 2011 through November 2021. (*See* Doc. 22 at PageID 612).[3] Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel, and counsel assumed the risk of non-payment. The Commissioner has not filed a response opposing the Motion to charge and collect a fee of $11,849.00. Having reviewed Plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $11,849.00 is reasonable for the work Plaintiff's counsel performed in federal court.

---

[3] Counsel for Plaintiff clarifies that Plaintiff "will be receiving a total of $155,547.75 which represents 75% of the past due benefits, with a total of $51,849.25 being set aside from back due benefits, which is 25% of the past due benefits owed the claimant, for possible attorney fees." (Doc. 22 at PageID 612.) Moreover, the Court notes that counsel for Plaintiff stated that he is "**waiving any fee for any dependent benefits that may be due [to] plaintiff and/or the child.**" (*Id.*) (emphasis in original). As previously stated, there is a pending fee application in the companion case of *Michael S. v. Comm'r of Soc. Sec.*, 1:18-cv-404. This Order concerns only the fees associated with the instant matter before the Court.

4

Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of the Equal Access to Justice Act ("EAJA") fees in this matter in the amount of $4,200.00 (Doc. 22 at PageID 615, 619–21; *see also* Doc. 21), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client) (quoting *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985)). In view of these considerations and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $11,849.00 is reasonable for the work Plaintiff's counsel performed in this Court.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. 22) is **GRANTED** and counsel is **AWARDED** attorney fees in the amount of **$7,649.00**, which represents the fee request of $11,849.00 minus the $4,200.00 EAJA fee previously awarded.

**IT IS SO ORDERED.**

*[signature]*
Judge Susan J. Dlott
United States District Court